UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| ROGER DESOUSA, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No: 4:08-cv-44 |
| v. | ) |
| | ) Judge Mattice |
| JABIRU USA SPORT AIRCRAFT, LLC, | ) |
| and JABIRU AIRCRAFT PTY LTD., | ) |
| | ) |
| *Defendants.* | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for "Relief from Final Order, Reconsider, Vacate Award/Judgement & Reopen Case" ("Motion to Vacate Award") [Court Doc. 19], filed November 17, 2010. Defendants filed their Response [Court Doc. 21] on November 22, 2010. As a reply, Plaintiff filed an "Additional Arguments for Relief from Final Order, Reconsider, Vacate Award/Judgement & Reopen Case" ("Additional Arguments") [Court Doc. 22] on March 14, 2011. Defendants filed a response to Plaintiff's Additional Arguments [Court Doc. 23] on March 15, 2011. For the reasons explained below, Plaintiff's instant motion [Court Doc. 19] will be **DENIED**.

**I. PROCEDURAL BACKGROUND**

The procedural history of this case is important to the Court's consideration of the instant motion. After Plaintiff filed his complaint [Court Doc. 1] on May 27, 2008, Defendants filed both an answer [Court Doc. 2] and a Motion to Stay Action Pending Arbitration [Court Doc. 3] on July 28, 2008. After Plaintiff filed his response in opposition [Court Doc. 4], the Court referred the motion to stay the action pending arbitration to Magistrate Judge Carter [Court Doc. 9] on October 30, 2008. Magistrate Judge Carter

made his Report and Recommendations (R&R) [Court Doc. 10] on November 3, 2008 and, after neither party objected, on January 7, 2009, this Court accepted and adopted the findings and conclusions in the R&R and stayed the action pending the completion of the arbitration [Court Doc. 11].

By letter dated July 12, 2009, and received by the Court and filed on July 20, 2009 [Court Doc. 14], Plaintiff filed a status report indicating that the arbitration hearing was held on May 21, 2009, that post-hearing briefs had been submitted, and that the arbitrator stated he believed he would have a decision by the end of July. On August 26, 2009, Defendants filed a status report [Court Doc. 15] stating that arbitration had been completed and that the arbitrator had issued his opinion in an order dated July 20, 2009 that "awarded judgment to the defendants with a provision that the fees of the arbitrator be paid by the defendants," and that "[e]ach party would bear their own costs." The defendants further reported that "[t]his decision of the arbitrator concludes this case, and an appropriate order should enter." *Id*.

Because the Court did not consider this language sufficient to qualify as an application to confirm the award and because neither party had taken any additional steps to seek to have the award confirmed, vacated, or modified, on August 27, 2009, the Court issued an Order [Court Doc. 16] putting the parties on notice that, unless they filed a motion to enter a final order and judgment by September 9, 2009, the Court would dismiss the case with prejudice. Shortly thereafter, on September 1, 2009, Defendants filed a Motion for Entry of Final Order [Court Doc. 17] moving the Court to enter a final order and judgment and stating the following in support of their motion:

> 1. Following the report and recommendation of United States

> Magistrate Judge William E. Carter, this court remanded the case for binding arbitration.
>
> 2. The arbitration proceedings were held on May 21, 2009, before the Honorable Charles Gearhiser, an arbitrator chosen by the parties and in accordance with an agreement to binding arbitration signed by the parties.
>
> 3. The arbitrator has prepared and filed the arbitrator's decision and award which awarded judgment to the defendants with the fees of the arbitrator to be paid by the defendants.

After more than seven months passed without any objection or other motion from Plaintiff, the Court entered an Order [Court Doc. 18] granting Defendants' unopposed Motion for Entry of Final Order and dismissed the case with prejudice. An additional seven months passed before Plaintiff filed the instant motion to vacate the award on November 17, 2010.

## II.  ANALYSIS

The instant matter is governed by the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, as noted by the Magistrate Judge Carter's R&R [Court Doc. 10] and the Court's Order staying the matter pending arbitration [Court Doc. 11]. The United States Court of Appeals for the Sixth Circuit confirms and elaborates upon this point, noting: "In attempting to vacate or modify an arbitration award governed by the Federal Arbitration Act, a disappointed party must look to sections 10 and 11 of Title 9, which 'provide [the] exclusive regime[ ] for the review provided by the [Federal Arbitration Act].' Section 10 enumerates several grounds for vacating an award, while section 11 does the same for modifying an award." *Grain v. Trinity Health, Mercy Health Srvc. Inc.*, 551 F.3d 374, 378 (6th Cir. 2008) (quoting *Hall Street Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587 (2008)).

Importantly, the United States Supreme Court case the Sixth Circuit was citing in *Grain* discussed the absolutist nature of § 9:

> the § 9 language, where provision for judicial confirmation carries no hint of flexibility. On application for an order confirming the arbitration award, the court "must grant" the order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." There is nothing malleable about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the "prescribed" exceptions applies.

*Hall Street Assoc., L.L.C.*, 552 U.S. at 587.

After Defendants applied to this Court for an order confirming the arbitration award by entering a final judgment, the Court had no choice but to enter that final judgment unless Plaintiff moved for the vacation, modification or correction of the award under 9 U.S.C. §§ 10-11. Further, "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. *See also*, *Nationwide Mut. Ins. Co. v. Home Ins. Co.*, 278 F.3d 621, 627 (6th Cir. 2002) ("a motion to vacate must be filed within three months from the date the decision is issued.")

Significantly, Plaintiff is clearly aware of this three-month deadline to file a motion to vacate but has chosen to regard this time limit as "arbitrary" because "the short timeframe doesn't seem to follow the reasoning often cited in establishing limits in common law," and because he believes that "the judicial branch cannot interpret any legislative law [the FAA] in a manner that sidesteps its own power to enforce the most basic concepts of law of 'fairness' and 'justice'." (Pl.'s Add'l Arguments, 2-3.) Unfortunately for Plaintiff, the Court's power to review an arbitrator's award is significantly constrained under the FAA,

as the Supreme Court and the Sixth Circuit have repeatedly noted, and although Plaintiff has chosen to ignore the constraints imposed by the FAA, this Court cannot. *See, e.g., Hall Street Assoc., L.L.C.*, 552 U.S. at 587; *Grain*, 551 F.3d at 378.

Although Plaintiff notes that the arbitrator did not file his decision with the Court, the documents he attaches to his motion make clear that the arbitrator was merely sending the award to the Court for its information, not filing it formally through the Court's electronic case management system. Regardless, 9 U.S.C. § 12 makes clear that the motion to vacate must be filed within three months after the award is "filed or *delivered*." 9 U.S.C. § 12 (emphasis added). Plaintiff himself notes that he received "the award and cover letter back in July of 2009." (Pl.'s Mot. to Vacate Award at 2.) Therefore, assuming generously that he received the award on July 31, 2009, Plaintiff needed to file his motion to vacate no later than October 31, 2009. Because Plaintiff did not file his Motion to Vacate until November 17, 2010, his motion is clearly untimely and must be denied.[1]

Finally, even if Plaintiff's Motion to Vacate had been timely filed, his arguments and

---

[1] Plaintiff repeatedly asserts that a number of events that have transpired since the arbitrator issued his decision and award that rendered him unable to object, including a hospital admission in which he was subjected to "mind controlling" drugs, trespasses into his home resulting in the original award he received being replaced with an altered replacement, and "man in the middle" fraud – apparently a reference to electronic attacks on his computer and telephone that prevents him from getting directly in contact with the other interested parties. (Mot. to Vacate Award, 2-3.)

Plaintiff implies, but never states, that these intrusions are related to the instant action. Further, the "evidence" consists of insurance explanation of benefits mailings (Mot. to Vacate Award, Exs. 5-7) showing only a hospital admission and what appears to be a poorly-replicated screenshot of an error message on a computer (Mot. to Vacate Award, Ex. 8). This evidence is unconvincing and does not provide the Court with any evidence of fraud.

Finally, only the hospital admission is even suggested as having prevented him from objecting to the Court. Although he does not specify times, the other two circumstances are clearly alleged to have occurred before Court issued its Order dismissing the case, and he was aware of those circumstances at the time, but chose not to bring them to the Court's attention. The hospital admission was alleged to have been on April 15 and 20-29, well after the time period for objecting. Even so, Plaintiff waited an additional seven months after his release before filing his Motion to Vacate.

the "evidence" he presents in support is unconvincing and does not provide the Court with any ground upon which it would order the award vacated. The FAA allows this Court to:

> make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

In his Motion to Vacate the Award, Plaintiff argues that "arbitrator's award and the events transpired are inconsistent enough to indicate that, at minimum, fraud (and possibly collusion) transpired." (Mot. to Vacate at 1.) The "events" to which Plaintiff refers as grounds to vacate the award are:

> 1. The Defendants mailed their Motion to Dismiss to the Plaintiff's old address in Port Townsend.
>
> 2. The court ordered that a final order and judgment confirming the arbitrator's findings pursuant to 9 U.S.C. § 9. However, the award has not been filed by the Defendants. The cover letter and award in the Plaintiffs possession are attached as exhibit #3 and #4 respectively.
>
> 3. The arbitrator's cover letter states "I am sending a copy of this opinion to Judge Mattice for his information."

> 4. Award not filed as claimed by arbitrator and Defendants' counsel.
>
> 5. The Defendants haven't put in a motion claiming that the arbitrator exceeded his powers. Surely the Dedendants' counsel noticed that the award was not filed.
>
> 6. 'Man in the middle' fraud at minimum.

*Id.*

As already noted, Plaintiff's allegations, particularly the "man-in-the-middle" fraud, seem to center on a vaguely-defined conspiracy wherein his copies of the arbitration decision and award were stolen and replaced with slightly-altered versions and where unspecified parties engaged in "man in the middle" fraud – apparently an allegation that unknown parties were intercepting his calls, electronic communications, and mail, mimicking the individuals he believed he was contacting and altering the communications and documents in an unknown fashion. This conspiracy is alleged to have culminated in his admission to a hospital and the involuntary administration of mind-controlling drugs and a brief imprisonment. Plaintiff's "evidence" consists of terms of the original contract, the arbitration agreement and decision, insurance explanation of benefits mailings showing (only) a hospital admission, and what appears to be a poorly-replicated screenshot of an error message on a computer. (Mot. to Vacate Award, Exs. 1-8.)

Although Plaintiff implies these events are related to this arbitration by repeatedly noting that they occurred after he filed this case, he never actually alleges the involvement of Defendants or the arbitrator – except to note that the arbitrator's award of July 2009 differed in tone, content, and detail from what transpired at the hearing and that the arbitrator has since stated he cannot remember the answers to certain of Plaintiff's

questions – and the evidence and arguments he submits do not support such a conclusion.

Further, as to the six grounds asserted by Plaintiff, even his allegations, if accepted by the Court, would have been insufficient for this Court to vacate the award.

For instance, as to his first argument, although Defendants did indeed mail the Motion for Entry of Final Judgment to Plaintiff's old address, the electronic case management system reflects that the Clerk's Office mailed a copy of the motion to Plaintiff's updated address on file. In addition, Plaintiff's fifth argument – that Defendants should have objected that the arbitrator exceeded his powers – is baseless. Defendants clearly did not object to the arbitrator's award or exercise of his powers, as they sought to confirm the award by motion for entry of final judgment.

Likewise, Plaintiff's allegations of "man in the middle" fraud are unsupported and unavailing. The record shows only some sort of computer error message without any evidence of improper interception or the involvement of any parties to this action.

Plaintiff's remaining arguments relate to the "filing" of the award. Although Defendants did not file a copy of the arbitrator's decision on file with the Court, they repeatedly filed the "award" which, in this case, was that judgment was awarded to Defendants, but with Defendants paying all the arbitrator's fees and each party otherwise bearing its own costs. *See* (Court Doc. 15, Defs.' Post-Arbitration Status Report; Court Doc. 17, Defs.' Mot. for Entry of Final Order.) This award corresponds with the judgment and fees awarded in Plaintiff's copy of the arbitrator's decision and award (Court Doc. 19-4), and Plaintiff does not allege that this language was affected by the alleged replacement of his copy of the decision and award. (Court Doc. 19-4, Arbitrator's Decision and Award, at 9.) The alleged inconsistencies in the arbitrator's statements are countered by the face

of the documents; the arbitrator never claims to be filing a copy with the Court, but rather says he is simply sending a copy of the opinion to chambers for informational purposes. Even though the procedure was somewhat unusual, as previously noted, this Court was required to confirm the award absent a motion to vacate or modify from Plaintiff, and the time for any objection on any ground passed long before Plaintiff filed the instant motion to vacate.

Finally, even his allegations of bias and fraud appear to be inconsistent. Plaintiff first claims that the arbitrator's decision was misleading because it implied the Defendants offered an expert witness in person at the arbitration (Mot. to Vacate Award at 2), and then clarifies that the Defendants did have an expert witness, but he wasn't at the arbitration (Add'l Arguments at 5). The decision does discuss the Defendants' expert, Doug Smith, but does not imply that he was at the hearing. (Court Doc. 19-4, Arbitrator's Decision and Award, at 3.) Where his allegations are consistent – for instance, that the arbitrator was biased in not considering him sufficiently qualified to serve as an expert as to the design of the brakes – the arbitrator's decision makes clear that he thoroughly considered all the relevant evidence and issued a thoughtful opinion.

Therefore, Plaintiff does not show any good cause[2] for his failure to act timely; instead, he clearly understood the applicable rules and chose not to abide by them due to his philosophical disagreements. Further, even if Plaintiff's Motion to Vacate were not untimely, his arguments and "evidence" are unconvincing and the arbitrator's decision and award not only does not appear to be the product of fraud or coercion or arbitrator bias or

---

[2] Whether the FAA limitations period is even subject to equitable tolling is unclear. *See, e.g.*, *Mrrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry*, 92 F. App'x 243, 246-47 (6th Cir. 2004).

misconduct, but appears to be well within the arbitrator's powers and satisfactorily exected as well-reasoned and supported by the evidence. Therefore, this Court would not have issued an order vacating the award.

Plaintiff also brings his Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b), which provides that, "[o]n motion and upon such terms as are just," a court may "relieve a party . . . from a final judgment, order, or proceeding," but only for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ; (3) fraud . . . , misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

"[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Satyam Comp. Srvc., Ltd. v. Venture Global Eng'g, LLC*, 323 F. App'x 421, 427 (6th Cir. 2009) (quoting *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir.2008) while discussing Rule 60 and vacating arbitration awards).

Plaintiff's motion can only be construed as arguing for relief pursuant to Rule 60(b)(1) due to excusable neglect – his hospitalization preventing his objecting to the Court's final order – and pursuant to Rule 60(b)(3) due to fraud. As discussed in detail above, even Plaintiff's allegations on this point are insufficient to support relief pursuant to Rule 60: his hospitalization had no effect on the untimeliness of the motion to vacate, and

he does not allege that Defendants caused the "man in the middle" fraud, nor does he explain how it prevented his objecting timely, particularly as he was aware of it before the order was entered. Further, his "evidence" not only falls well short of the "clear and convincing" standard, but is altogether unconvincing. Accordingly, Plaintiff's Motion to Vacate Award will also be denied to the extent it is brought pursuant to Fed. R. Civ. P. 60.

### III. CONCLUSION

Accordingly, for the reasons explained above, Plaintiff's Motion for "Relief from Final Order, Reconsider, Vacate Award/Judgement & Reopen Case" [Court Doc. 19] is hereby **DENIED**.

The case shall remain closed.

**SO ORDERED** this 6th day of September, 2011.

                                              */s/Harry S. Mattice, Jr.*
                                         HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE